appeal as of right, and the court's failure to appoint counsel to represent defendant without considering his indigency or the merits of dismissal warrants reversal and reinstatement of defendant's appeal. Upon remittal to the Appellate Division, that court should decide whether defendant is indigent pursuant to CPLR 1101. If defendant establishes his indigence, the court must assign counsel to litigate the dismissal motion, and the court should determine, in its discretion, whether dismissal is appropriate.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.

---

MARIA AUQUI, as Guardian of the Property of JOSE VERDUGO, et al., Respondents, v SEVEN THIRTY ONE LIMITED PARTNERSHIP et al., Appellants.

Submitted October 15, 2013; decided October 17, 2013

---

Motion by Defense Association of New York, Inc. for leave to file a brief amicus curiae on the appeal herein granted and the proposed brief is accepted as filed.

---

MARIA AUQUI, as Guardian of the Property of JOSE VERDUGO, et al., Respondents, v SEVEN THIRTY ONE LIMITED PARTNERSHIP et al., Appellants.

Submitted October 15, 2013; decided October 17, 2013

---

Motion by Federation of Defense and Corporate Counsel for leave to appear amicus curiae on the appeal herein granted only to the extent that the proposed brief is accepted as filed.